**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000012
15-APR-2026
08:08 AM
Dkt. 61 SO**

NO. CAAP-24-0000012

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CAPITAL ONE BANK (USA), N.A., Plaintiff-Appellee,
v.
CELESTE M. GONSALVES, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1RC121005139)

SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, McCullen and Guidry, JJ.)

Self-represented Defendant-Appellant Celeste M.

**Gonsalves** appears to appeal from the District Court of the First

Circuit's January 9, 2024 order denying her motion to vacate the

order extending the judgment against her.[1]

---

[1] The Honorable William M. Domingo presided over the October 16, 2023 hearing, and the order was entered on his behalf.

Gonsalves's notice of appeal states she is appealing from the "Motion to Vacate Extended Judgment on 10/18/2022." (Formatting altered.) We interpret her notice of appeal as appealing from the order denying her motion to vacate the district court's August 4, 2022 order that extended the October 18, 2012 judgment against her.

On appeal, Gonsalves contends the district court abused its discretion by denying her motion to vacate the judgment extension as service was improper.[2]

Upon careful review of the record and the brief submitted by Gonsalves, and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below and affirm.

In July 2012, Plaintiff-Appellant **Capital One** Bank (USA), N.A. filed a complaint for a judgment in the amount of $1,446.12, alleging that Gonsalves defaulted on her Capital One credit account. The complaint indicated that the parties were to appear "at 1:30 p.m. on the second Monday following date of service, and should that Monday be a legal holiday then upon the next business day."

In September 2012, a return of service was filed showing Gonsalves was personally served at 3138 Waialae Avenue, #501, Honolulu, Hawaiʻi 96816. The "Acknowledgment of Service" contained the following signature:



*Figure 1: Image from return of service, 1RC121005139 dkt. 2 at 2.*

---

[2] Gonsalves also contends that her disability renders her "uncollectible" but provides no legal argument supporting this conclusory statement. Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7) ("Points not argued may be deemed waived."). Thus, we deem this argument waived.

Gonsalves, however, did not appear at the scheduled hearing.

In October 2012, the district court found Gonsalves defaulted and entered judgment in favor of Capital One in the amount of $1,636.12 (**2012 Judgment**).

In July 2022, just shy of ten years from the 2012 Judgment, Capital One moved to extend the 2012 Judgment under Hawaiʻi Revised Statutes (**HRS**) § 657-5 (2016) (**Motion to Extend**).[3]  The Motion to Extend certified that Gonsalves was served by mail at the Waialae Avenue address:

**CERTIFICATE OF SERVICE**

I certify that on (date): _7/22/2022_____, I served a copy of this Motion on all parties or their attorneys by ☐ Hand delivery or ☒ Mail, addressed as follows:

CELESTE M GONSALVES
P O BOX 10097 3138 WAIALAE AVE #501
HONOLULU
HONOLULU HI 968160097

*Figure 2:  Image from Motion to Extend, 1RC121005139 dkt. 6 at 3.*

---

[3]  HRS § 657-5 provides as follows:

> **§657-5  Domestic judgments and decrees.**  Unless an extension is granted, every judgment and decree of any court of the State shall be <u>presumed to be paid and discharged at the expiration of ten years</u> after the judgment or decree was rendered.  No action shall be commenced after the expiration of ten years from the date a judgment or decree was rendered or extended.  No extension of a judgment or decree shall be granted unless the extension is sought within ten years of the date the original judgment or decree was rendered.  A court shall not extend any judgment or decree beyond twenty years from the date of the original judgment or decree.  <u>No extension shall be granted without notice and the filing of a non-hearing motion or a hearing motion to extend the life of the judgment or decree</u>.

(Emphases added.)

3

The district court granted the Motion to Extend, extending the 2012 Judgment against Gonsalves to 2032 (**Extension Order**).

In June 2023, Gonsalves moved to set aside the default and the 2012 Judgment, asserting: "I am not the person responsible for this credit card"; "I was not living at the address at the time it was served"; and "I could not have signed it or have known anything about this case."

In July 2023, the district court found good cause to set aside Gonsalves's default and granted her motion to set aside the 2012 Judgment.

In August 2023, Gonsalves moved to dismiss the case. In an attachment to her motion, Gonsalves admitted she was served with the complaint in 2012 but claimed it was served at a different address. Gonsalves also admitted that she was "unable to attend the court date due to injuries sustained in a car accident." Gonsalves further admitted that the debt was "indeed my account," and the last payment she made was on October 9, 2009.

In September 2023, Capital One moved for reconsideration based on Gonsalves's admissions.

Following a hearing, the district court granted Capital One's motion for reconsideration, rescinding the order granting Gonsalves's motion to vacate and ruling that the 2012

Judgment stood.[4]  The district court also denied Gonsalves's motion to dismiss.

Also in September 2023, Gonsalves moved to vacate the Extension Order.  Gonsalves argued the notice was sent to the wrong address.  Gonsalves also argued Capital One was aware she moved, as it "used her Kaneohe address in 2016."  Gonsalves then submitted documents including the "Printable Case View" from two district court cases, Midland Funding LLC v. Gonsalves (1RC151008476) showing the Waialae Avenue address in January 2016 and Midland Funding LLC v. Gonsalves (1RC16106602) showing a Kamehameha Highway address in November 2016.  (Formatting altered.)

In October 2023, following a hearing, the district court orally denied Gonsalves's motion to vacate the Extension Order, entering its written order on January 9, 2024.  Gonsalves immediately moved for reconsideration after the October 2023 hearing, and the district court denied her motion for reconsideration.[5]  Gonsalves appealed.

On appeal, Gonsalves contends that her "claim was in relation to not receiving Proper Service in the first place for an opportunity for her to argue [Capital One]'s Motion to Extend

---

[4]  Gonsalves did not request the September 18, 2023 transcripts, and they are not part of the record on appeal.

[5]  Gonsalves's motion for reconsideration relies in part on Hawaiʻi Rules of Civil Procedure Rule 5(a)(1)(b), but no such rule exists.

Judgment."  Gonsalves argues that, because some of the same attorneys appeared in this case and in some of her other cases, they should have known that her last known address was not the Waialae Avenue address.  She again refers to the two <u>Midland Funding LLC</u> cases and adds a third case:

- <u>Midland Funding LLC v. Gonsalves</u> (1RC151008476) showing the Waialae Avenue address in January 2016;

- <u>Midland Funding LLC v. Gonsalves</u> (1RC161006602) showing a Kamehameha Highway address in November 2016; and

- <u>LVNV Funding, LLC v. Gonsalves</u> (1DSC-20-0001479) showing a Paulele Street address in 2020.

Capital One did not file an answering brief.

Every judgment is considered "paid and discharged" after ten years unless the judgment was extended.  HRS § 657-5.  However, "[n]o extension shall be granted without notice and the filing of a non-hearing motion or a hearing motion to extend the life of the judgment or decree."  HRS § 657-5.

District Court Rules of Civil Procedure (**DCRCP**) Rule 5 governs service of a notice.[6]  Service may be made "by mailing it to the attorney or party at the attorney's or party's last known

---

[6]  Although we do not base our decision on DCRCP Rule 5(a), we note DCRCP Rule 5(a) provides, in part, that "no service need be made on parties in default for failure to appear."

address."  DCRCP Rule 5(b).  "Service by mail is complete upon mailing."  DCRCP Rule 5(b).

If a party appears without counsel, it is that party's duty to inform the clerk by written notice of any changes in address or telephone numbers:

> **Rule 4. Parties without counsel.**
>
> Parties who appear in person without counsel shall notify the clerk in writing of their names, their mailing and residence addresses, facsimile and telephone numbers and <u>shall keep the clerk informed by proper written notices of changes in the addresses and telephone numbers so given</u>. All such notices shall be duly indexed and filed by the clerk.
>
> . . . .

Rules of the District Courts of the State of Hawaiʻi Rule 4 (formatting altered, emphasis added).

Here, Gonsalves admitted to receiving the complaint and not appearing at the hearing.  As such, Gonsalves was aware this case existed.  Gonsalves also asserted that service of the complaint was made to her at an address other than the Waialae Avenue address.  If her assertion was indeed true, Gonsalves would have been aware that the address on record in this case was not current.

The record in this case does not indicate that Gonsalves notified the clerk in writing of the changes to her address over the years, nor does Gonsalves assert that she did. Furthermore, where Gonsalves has several court cases, each reflecting different addresses on file, we decline to require

7

Capital One to scour court records in other court cases to sort out Gonsalves's addresses.

Under the particular circumstances of this case, we cannot say the district court abused its discretion by denying Gonsalves's motion to vacate the Extension Order or denying her motion for reconsideration. The rules placed the burden on Gonsalves to notify the clerk in writing of her address changes. She did not.

Based on the foregoing, we affirm the district court's January 9, 2024 order denying Gonsalves's motion to vacate the Extension Order.

DATED: Honolulu, Hawaiʻi, April 15, 2026.

On the brief:

Celeste M. Gonsalves,
Self-represented
Defendant-Appellant.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge